# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.                                             **CASE NO: 8:25-CR-295-KKM-LSG**

**JACINTO ANDRES TOFINO GUERRERO**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM
## AND MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE

Come Now the Defendant, Jacinto Andres Tofino Guerrero (hereinafter "Defendant"), by and through undersigned counsel, and hereby submits this, his Sentencing Memorandum and Motion for Downward Departure and/or Variance. In support thereof Defendant would state as follows:

## PRODCEDURAL HISTORY

In named in indictment filed on September 21, 2017 in the United States District Court for the Southern District of Florida Case No.: 17-20657-CR-GAYLES. In Count 1 Defendant was charged, along with three (co-defendants) with, while onboard a vessel subject to the jurisdiction of the United States, conspiracy with intent to distribute a controlled substance in violation of Title 46, U.S.C. § 70503(a)(1) and Title 46, U.S.C. § 70506(b). In Count 2 Defendant was charged with, while on board a vessel subject to the jurisdiction of the United States, possession of a controlled substance with intent to distribute, in violation of Title 46, U.S.C. § 70503(a)(1) and Title 18, U.S.C. § 2.

On November 7, 2017 Defendant entered a guilty plea to Count I. On January 16, 2018, a Judgment was entered dismissing Count 2 of the Indictment and as to Count 1, sentenced to eighty-four (84) months in custody of the Bureau of Prisons and to three (3) years of supervised release.

Defendant's term of supervised release began on July 28, 2023, and ran to July 27,

2026. On February 10, 2025, an Order Transferring Jurisdiction over Defendant's Supervised Release from the Southern District of Florida to the Middle District of Florida was entered.

The reason for the transfer of jurisdiction was Defendant's indictment in Middle District of Florida Case No.: 8:25-cr-00015-SDM-CPT on January 14, 2025. In Count 1 of that Indictment Defendant was charged with Conspiracy to Traffic Cocaine on a Vessel Subject to the Jurisdiction of the United States in violation of Title 46, U.S.C. § 70503(a). In Count 2 Defendant was charged with Possession with Intent to Distribute Cocaine on a Vessel Subject to the Jurisdiction of the United States in violation of Title 46, U.S.C. § 70506(a) and (b).

The alleged offense date in the Middle District of Florida indictment was December 27, 2024, within Defendant's term of supervised release as to the Southern District of Florida Judgment. On October 29, 2025, after having plead guilty pursuant to a plea agreement to Count 1 of the Middle District of Florida Indictment, Defendant was sentenced to 161 months in the custody of the Bureau of Prisons. Count 2 of the Indictment was dismissed.

Defendant's conduct giving rise to his indictment and conviction in the Middle District of Florida indictment is alleged to be a violation of his term of supervised release imposed in the Southern District of Florida. Accordingly, a Final Revocation hearing has has been set.

**APPLICABLE US SENTENCING GUIDELINES**

United States Sentencing Guidelines (hereinafter "USSG") §§7(1.1 through 7C1.6) apply to the sentencing of supervised release. Defendant in this case was originally sentenced in the Southern District of Florida on a Class A Felony and at the time of that sentencing had a Criminal History Category of I. The applicable guidelines range was

135-168 months for the original offense. Defendant's eight-four (84) month sentence was the result, in part, of the granting of a 5k1 motion.

As Defendant's Criminal History Category for the purposes of the current proceeding is that which was applicable at the time the Defendant originally was sentenced to a term of supervised release, Defendant's Criminal History Category is 1. USSG §7C1.5 Application Note 1. The Supervised Release Revocation Table found at §7C1.5 shows a Guidelines Range of 24-30 months due to the violation being another Grade A felony.

The Policy Statement found at § 7C1.4 Paragraph (B) states that "any term of imprisonment imposed upon the revocation of supervised release **generally should be ordered** to be served consecutively to any sentence of imprisonment that the defendant is servicing…" (emphasis added). There is no mandate that the sentence be consecutive. If follows that the Court has jurisdiction to order concurrent sentences rather than consecutive sentences.

## 18 U.S.C. §3553(a) AND REQUESTED VARIANCE

Though the applicable sentencing guidelines specify an applicable guidelines range of 24-30 months, it is respectfully suggested to the court that after consideration of the factors set forth in 18 U.S.C. §3553(a) the Court should impose a concurrent sentence in both cases.

Defendant is currently 39 years old, meaning that under the best of circumstances Defendant will be approximately 52 years old at his release from prison, if this Court were to sentence Defendant concurrently in this case Should the Court deny those requests Defendant would be much older would be approximately 55 years old.

A sentence within the advisory USSG range, and consecutive to that imposed in 8:25-cr-00015-SDM-CPT, is not just under the circumstances in this case. In reaching its

sentence this Court will necessarily apply those factors found at 18 U.S.C. §3553(a)(1)-(6) after calculating the Total Offense Level under the advisory USSG. Defendant respectfully suggests that sentencing Defendant concurrently would be sufficient to but not greater than necessary to comply with the law. Such a sentence would serve to accurately reflect the history and characteristics of Defendant, reflect the seriousness of the offense, and deter criminal conduct.

There is no escaping the fact that Defendant is a repeat offender, and that this fact rightfully has great weight in the Court's sentencing decision.

Even though Defendant is a repeat offender whose guidelines are enhanced due to his role in the offense, he is clearly a minor cog in a far reaching and long-lasting operation to smuggle hundreds of tons of cocaine into the United States. This operation, and others indistinguishable from it, take advantage of the desperation caused by the poverty to which Defendant and similarly situated defendants are subject. This poverty drove Defendant to his involvement in this case, as it has so many of his countrymen. concurretn would serve as a just sentence and satisfy the statutory sentencing factors set forth in 18 USC §3553(a)(1)-(5).

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2025 undersigned counsel electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to Counsel of Record for the United States of America.

/s/ Mark G. Rodriguez, Esq.
MARK G. RODRIGUEZ, ESQ.
MARK G. RODRIGUEZ, P.A.
Fla. Bar. No.: 769060
Texas Bar No.: 24091910
701 S. Howard Ave., STE 201
Tampa, FL 33606
Ph: (813) 227-9642
Fax: (813) 381-5193
Email:mgr@mgrlawoffices.com